UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD JEROME SMITH,

    Plaintiff,

v.                                                               CASE NO. 6:17-cv-1928-Orl-37GJK

BREVARD COUNTY JAIL
COMPLEX,

    Defendant.
_____/

### ORDER

This case is before the Court on what appears to be Plaintiff's civil rights complaint (Doc. 1). Plaintiff is a prisoner proceeding *pro se*, and his allegations are largely unintelligible.

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action in forma pauperis under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed in forma pauperis and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 6:16-cv-692-Orl-18TBS; (2) 6:16-cv-772-Orl-37DAB; and (3) 6:17-cv-804-Orl-18KRS.

Plaintiff has had at least three prior cases dismissed as frivolous or for failure to state a claim. Moreover, Plaintiff has failed to allege that he is under imminent danger of serious physical injury. Therefore, Plaintiff was required to pay the full filing fee at the time he initiated this action. Consequently, this case is dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full filing fee.[1]

Accordingly, it is now **ORDERED** and **ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case and enter judgment accordingly.

**DONE AND ORDERED** in Orlando, Florida on November 14th, 2017.



ROY B. DALTON JR.
United States District Judge

---

[1] To the extent Petitioner may be attempting to challenge his conviction or sentence, he may file a habeas petition pursuant to 28 U.S.C. §§ 2254 or 2241.

Copies to:
OrlP-1 11/14
Richard Jerome Smith